IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:14-724-1 |
| | § | (CA. No. 2:16-511) |
| VICTOR MANUEL ESTRADA, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Victor Manuel Estrada (Estrada) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 51. Pending before the Court is the Government's motion to dismiss (D.E. 56), to which Estrada did not reply.

### I. FACTS AND PROCEEDINGS

Estrada was indicted in October 2014 for conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana. The Indictment also sought forfeiture of property and/or currency. He was arrested in California and made his initial appearance later the same month. The Government identified eleven cases related to Estrada's.

Estrada entered into a plea agreement with the Government on February 17, 2015. In exchange for Estrada's guilty plea, the Government agreed to recommend that he receive maximum credit for acceptance of responsibility "and a sentence of imprisonment at the lowest end of the applicable guideline range." D.E. 27, ¶ 2. The agreement included a waiver of Estrada's right to appeal or to file a § 2255 motion. *Id.*, ¶ 7. The agreement also stated, "The defendant is aware that the sentence will be determined with reference to the *United States Sentencing Commission's Guideline Manual* (U.S.S.G.)." *Id.*, ¶ 6.

During rearraignment, Estrada testified that he voluntarily signed the plea agreement,

1

discussed it with counsel, understood it, and was not promised anything other than set out in the agreement.[1] The Court reviewed the waiver of his right of appeal and § 2255 rights. Estrada testified that he discussed the waiver with counsel and agreed to waive those rights.[2] The Court advised Estrada of the punishment range of a minimum of 10 years up to life imprisonment, at least 5 years' supervised release, potential fines, and a special assessment of $100. Estrada testified that he understood. The Court further informed Estrada of the trial rights available to him. He testified that he understood those rights and understood that if he pled guilty he would be giving up those rights.

The Government provided a factual recitation regarding the conspiracy, including details that Estrada provided false identification papers and instructed drivers that he solicited how to open multiple bank accounts, lease warehouses, and buy trucks. When the Government finished

---

[1] D.E. 46, pp. 17-18.

[2] THE COURT: Each agreement contains in Paragraph 7 a waiver of certain appeal rights. Were each of you aware that waiver was in your agreement before you signed it?
DEFENDANT ESTRADA: Yes, sir.
THE COURT: Mr. Estrada . . . were you aware that this waiver was in your agreement before you signed it?
DEFENDANT ESTRADA: Yes.
THE COURT: Okay. *Were each of you aware that by signing a plea agreement with this provision in it you waived not only your right to directly appeal your conviction and sentence but you also waived the right to collaterally attack it under a federal statute known as 28, United States Code 2255. Were each of you aware of that*?
DEFENDANT ESTRADA: *Yes, sir*.
THE COURT: Mr. Estrada, did you discuss this waiver with your attorney, Mr. Di Carlo?
DEFENDANT ESTRADA: Yes.
THE COURT: Do you feel like you understand the waiver and how it may affect your rights in this case?
DEFENDANT ESTRADA: Yes, sir.
THE COURT: Do you have any questions you want to ask me about it?
DEFENDANT ESTRADA: No

*Id.*, pp. 19-22 (emphasis added).

detailing Estrada's involvement, Estrada admitted he was involved in the conspiracy, but he denied that the Government's account was correct. The Court accepted Estrada's guilty plea.

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report (PSR). D.E. 169. The PSR determined that Estrada was responsible for 8318.5 kilograms of marijuana, which resulted in a base offense level of 32. The base level was enhanced by four for leadership role. After credit for acceptance of responsibility, Estrada's total offense level was 33. His criminal history category was III, resulting in a guideline range of 168 to 210 months, with a mandatory minimum sentence of 10 years. Estrada's counsel filed objections to the PSR relating to leadership role and various factual assertions.

Sentencing was held on May 18, 2015. The Government brought three witnesses to testify to Estrada's role in the conspiracy. All were convicted of participation in a marijuana conspiracy and were awaiting sentencing in related cases.

Anthony Yasonia testified that he met with Estrada once for several hours. Estrada solicited Yasonia to work with the organization as a driver to transport marijuana. Yasonia testified he was not the only driver Estrada recruited. During their meeting, Estrada "laid down the basic rules and we had to follow as a driver -- you know, how we had to obtain a passport, how to set up different bank accounts so we could purchase the truck. And, also, one thing that he reiterated to me was having a direct phone with my contact info." D.E. 44, p. 16. Yasonia further testified, "To my knowledge, I believe he ran the guys that processed the marijuana down here in South Texas and also provided warehouses and things, stuff like that, and ran those guys on the Atlantic side." *Id.*, p. 18. The organization operated in South Texas, Chicago, Atlanta, and California. Estrada "was the go-to guy to get the false identification to be able to apply for different warehouses and even houses, but more so for the warehouses to receive the marijuana." *Id.*, p. 19.

Yasonia further described Estrada's involvement, "I knew he had a detail shop, but I also knew that he financed a couple of the prior runs, purchasing the marijuana, supplying the money for them, and he was involved with a lot of other things." *Id.*, p. 29.

Ivan Flores-Ruiz testified that he obtained identification from Estrada. "It was practically a packet which came with a birth certificate from Puerto Rico and a Social Security." *Id.*, p. 35. Flores-Ruiz used the false identity to open a warehouse in Atlanta, Georgia, to receive shipments of marijuana. Estrada also rented warehouses directly using various false identities. The third witness also testified that Estrada recruited two drivers and arranged for a false identity for him. He knew of four false identities that Estrada arranged.

The Court overruled Estrada's objections to the PSR and assessed four levels for leadership role. The Government recommended the Court sentence Estrada to 168 months, the lowest sentence in the applicable guideline range. After hearing further argument, the Court sentenced Estrada to 168 months' imprisonment to be followed by 5 years' supervised release. The Court reminded Estrada that he waived his right to appeal.

Estrada appealed. The Fifth Circuit enforced the waiver of his right to appeal after finding that Estrada "knowingly and voluntarily waived his right to appeal his sentence except in limited circumstances not present in the instant appeal." *United States v. Estrada*, No. 15-40742 at *2 (5th Cir. June 9, 2016) (per curiam) (unpublished). The Fifth Circuit further held that "Estrada has not established a breach of the plea agreement on either point." *Id*.

The Clerk received Estrada's § 2255 motion on December 5, 2016. It is timely.

## II. MOVANT'S ALLEGATIONS

Estrada's § 2255 motion raises several grounds: 1) the Government violated his due process rights by breaching the plea agreement; 2) counsel provided ineffective assistance by

4

failing to raise the Government's breach of the plea agreement in the district court or on appeal; 3) counsel induced Estrada to plead guilty by a promise that his sentence would be 108 to 135 months imprisonment; 4) the district court erred in assessing a leadership role; and 5) Estrada is entitled to a minor role adjustment pursuant Amendment 794.

The Government moved to dismiss the motion and to enforce Estrada's waiver to file a § 2255 motion. The Government did not address Estrada's motion for a sentence reduction pursuant to Amendment 794.

### III. DISCUSSION

#### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct her sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

#### B. The Fifth Circuit Enforced Estrada's Waiver

Estrada entered into a plea agreement in which he waived his right to appeal or to file a post-conviction motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. Before the Court can consider Estrada's substantive complaints, the Court must determine whether

5

his waiver of his right to file the motion before the Court is enforceable.

Estrada's claim of ineffective assistance does not automatically relieve him of his waiver of appeal and § 2255 post-conviction proceedings. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In *White*, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish." *Id*. at 343 (internal citations omitted).

To consider Estrada's grounds for relief, the Court would have to find that Estrada's plea was either unknowing or involuntary, or the plea agreement was unenforceable. The Fifth Circuit summarily dismissed Estrada's appeal on the Government's motion to enforce the plea agreement. The Fifth Circuit held that Estrada's plea was knowing and voluntary. It also held that Estrada failed to establish that the Government breached the agreement. This Court is bound by that ruling. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). As a result, Estrada's plea waiver is enforceable and the Court may not consider the merits of his challenge.

## IV.  AMENDMENT 794

Estrada argues that Amendment 794 to the Sentencing Guidelines allows him to be reconsidered for a minor role. The relief Estrada seeks from Amendment 794 is available, if at all, pursuant to 18 U.S.C. § 3582(c)(2). Estrada's motion on this ground is not subject to the waivers included in his plea agreement.

The Sentencing Guidelines have long allowed for role adjustments for minor or mitigating roles. *See* U.S.S.G. § 3B1.2(b), amended November 1, 2015. Amendment 794 modified the

Application Notes to clarify the factors a district court should consider in making a determination of minor or mitigating role. A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527.

A sentence reduction is only permitted if such a reduction is consistent with the policy statements issued by the Sentencing Commission, which is found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826; *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. *Id*.

"[E]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10 that lowers the guideline range."[3] *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (emphasis in original); *see, e.g.*, *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect. Subsection 1B1.10(d) does not list Amendment 794 as retroactive; therefore, the Court is not authorized to apply it retroactively.[4]

---

[3] In 2016, § 3582(c) was amended and (d) now lists the retroactive amendments. *See* Amendment 780.

[4] The Fifth Circuit has not determined whether Amendment 794 is clarifying or substantive, although the Ninth and Eleventh Circuits have held that it is clarifying and thus applicable retroactively to those cases on direct appeal. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016); *see also United States v. Castro*, No. 15-11059 at *3 (5th Cir. Dec. 12, 2016). However, even a clarifying amendment does not apply retroactively to cases on collateral review. *See Drath*, 89 F.3d at 217.

*United States v. Arroyo-Jurado*, 477 Fed. App'x. 150, 151 (5th Cir. Apr. 19, 2012) (per curiam) (unpublished).

More importantly, the Court found at sentencing that Estrada had a leadership role in the conspiracy. His claim to a minor role is not supported by the evidence in the record of prior proceedings. His motion for sentence reduction is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Estrada has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Estrada is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 56) is GRANTED, and Estrada's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 51) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

Estrada's motion for sentence reduction based on Amendment 794 is also **DENIED**.

It is so **ORDERED** this 5th day of June, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE